McDONALD et al. v. GRANT et al.

(Supreme Court, Special Term, New York County., June, 1895.)

COLLATERAL SECURITIES—PROPORTIONAL DISCHARGE OF LIEN.

Plaintiff deposited bonds with the M. Bank as collateral security for three notes discounted by it. Afterwards the M. Bank, without plaintiff's knowledge, delivered one of the notes together with some of the bonds to the S. Bank as security for a note made by it to the S. Bank. *Held* that the M. Bank, by parting with such bonds, voluntarily apportioned its security, and therefore plaintiff might redeem the bonds so in the hands of the S. Bank by paying the amount of the note pledged to it by the M. Bank.

Action by Ronald T. McDonald and others against Hugh J. Grant as receiver, and others. Judgment for plaintiffs.

Putney & Bishop, for plaintiffs.

Bowers & Sands, for defendant Grant, receiver.

Guggenheimer, Untermyer & Marshall, for defendant O'Brien, receiver.

STOVER, J. On the 27th of January, 1891, the plaintiff McDonald entered into an agreement with the Madison Square Bank of the City of New York, by the terms of which, in consideration of the discount of three promissory notes, made by said McDonald, each for $50,000, and each payable six months from date, indorsed by the Fort Wayne Electric Company, the said McDonald deposited with the said bank bonds of the Louisiana Electric Light Company of the par value of $200,000, the bonds having interest coupons attached. The bank, under the agreement, had the right to sell the bonds during the time that it held the notes then discounted, or any renewals that might be given, accounting for the proceeds of the sale to the extent of 90 per cent. of the face value of the bonds. It was further agreed between the bank and said McDonald that the bank would not call upon said McDonald to pay his notes until the $200,000 of the pledged bonds should have been sold, except that said McDonald was from time to time, as the notes matured, to make renewal notes, which were to be accepted by the Madison Square Bank until the bonds had been sold. McDonald reserved also the right to sell said bonds at any time, and to apply the proceeds upon the notes that might be held by the bank at the time of sale, being the notes discounted or renewals thereof. Subsequently, and in January, 1893, the Madison Square Bank made its promissory note, payable to the St. Nicholas Bank, for the sum of $50,000, and delivered the note to the St. Nicholas Bank; and as collateral for such note and other indebtedness, the Madison Square Bank delivered one note of $50,-000, made by the plaintiff McDonald, and indorsed by the Fort Wayne Electric Company. It is alleged that when said note, delivered as collateral security, became due, it was returned to the Madison Square Bank, and a renewal thereof obtained from the plaintiff McDonald, who at the time did not know that it had been pledged as security, and the renewal note thus obtained was delivered to the St. Nicholas Bank, together with certain of the bonds of

the Louisiana Electric Light Company which had been pledged by the plaintiff McDonald, as security for his notes discounted by the Madison Square Bank. Subsequently, the defendant Grant was appointed receiver of the St. Nicholas Bank, and the defendants O'Brien and Cannon were appointed receivers of the Madison Square Bank. The plaintiffs subsequently tendered to the receiver of the St. Nicholas Bank the amount of the note made by the plaintiff, with interest, and asked that the bonds held by him be surrendered to plaintiffs, which was refused.

The plaintiffs ask that the court determine the extent of the lien of the defendant Grant upon the bonds, and, that upon the payment of such lien, it may be adjudged that the bonds be delivered to the plaintiffs, discharged of any lien of the Madison Square Bank or the St. Nicholas Bank. The receiver of the St. Nicholas Bank claims the right to hold the bonds as security for other indebtedness due from the Madison Square Bank, the assignment to the St. Nicholas Bank being to cover any liability which might be found to exist, irrespective of any notes made by plaintiff. The Madison Square Bank claims the right to hold the bonds until the entire indebtedness of plaintiffs shall be paid, and insists that there can be no apportionment of the indebtedness, and that if plaintiff should pay the note now held by the receiver of the St. Nicholas Bank, the bonds would still be held subject to the lien of the other notes which have not been disposed of by the Madison Square Bank.

I think the evidence shows that at the time the St. Nicholas Bank received the notes and bonds from the Madison Square Bank, it was chargeable with notice of the character of the possession of the notes and bonds by the Madison Square Bank, and knew that the bonds were held as collateral security for notes. It is not in the position of a bona fide holder without notice. The Madison Square Bank, or its receiver, cannot now contend that its rights under the contract with McDonald are still unimpaired. They might have held the notes under the contract and maintained their rights, except so far as the insolvency and dissolution of the bank would necessarily impair them, leaving the court to equitably dispose of the various interests of the parties under the contract. But instead of this, the Madison Square Bank has seen fit to violate its contract, and to deliberately put itself in a position where it would be unable to perform if called upon by the plaintiffs to do so. It has voluntarily placed it out of its power to perform its contract, either by sale or by a delivery of the bonds, if sold by the plaintiff McDonald, and its receiver cannot now complain if, from a condition brought about by a wrong of the bank, it is in part deprived of the benefit of the contract. The plaintiff is not to blame. The bank has voluntarily severed the security held by it, separating upwards of $60,000 of the bonds as security for $50,000 of the plaintiff's indebtedness, and plaintiff, in order to protect his rights, will be compelled to pay the note of $50,000, in order to obtain possession of the bonds of the value of upwards of $60,000.

I think it may properly be said that the Madison Square Bank, by severing the $50,000 note, and dividing the bonds held as collateral

security, released the bonds delivered to the St. Nicholas Bank from the lien of the other notes not transferred to the St. Nicholas Bank, but retained by it (the Madison Square Bank), for in no other way could the lien of the St. Nicholas Bank be effective under the agreement between the two banks. The Madison Square Bank, therefore, having voluntarily and wrongfully severed the securities, and apportioned the bonds held by it as security among and upon the different notes of the plaintiff, cannot now, when the plaintiff is called upon to pay the notes, of which they have relinquished possession, say that they shall again be restored to the position in which they would have been but for their own wrongful act.

The plaintiff is entitled to redeem the bonds which the Madison Square Bank had parted with by paying the claim of the St. Nicholas Bank, and upon such redemption to hold them freed from any lien of the Madison Square Bank. It appearing that the St. Nicholas Bank knew that the bonds were held as collateral for the notes, no discussion is necessary to demonstrate the unsoundness of the receiver's contention that he can hold the bonds as collateral security for indebtedness other than that due from plaintiffs. The receiver holds the indebtedness of plaintiffs which the plaintiffs are willing to pay upon the surrender of the securities held by the receiver. The St. Nicholas Bank has no right to demand more.

The plaintiffs are entitled to judgment, declaring said bonds held by the receiver of the St. Nicholas Bank to be so held as security for the amount of the $50,000 note, and that upon payment of said note the plaintiffs are entitled to receive the bonds held by the St. Nicholas Bank, freed from any other lien or incumbrance, either of the St. Nicholas Bank or the Madison Square Bank, or its or their receivers.